The **PEOPLE** of the **UNITED STATES**
ex rel. **Roy SCHUSTER, Petitioner-
Appellant,**

v.

**Ross E. HEROLD, M.D., Director of Dan-
nemora State Hospital, Dannemora,
New York, Respondent-Appellee.**

**No. 715, Docket 33283.**

United States Court of Appeals,
Second Circuit.

Argued April 13, 1971.

Decided April 26, 1971.

Frederick C. Kneip, New York City,
for petitioner-appellant.

Arlene R. Silverman, Asst. Atty. Gen.,
Samuel A. Hirshowitz, First Asst. Atty.
Gen., Louis J. Lefkowitz, Atty. Gen., for
respondent-appellee.

Before WATERMAN, SMITH and
KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

This case is a sequel to United States
ex rel. Schuster v. Herold, 410 F.2d 1071
(2 Cir.), cert. denied, 396 U.S. 847, 90
S.Ct. 81, 24 L.Ed.2d 96 (1969), in which
we held that the State of New York
should afford Schuster a full hearing on
the question of his sanity. The disturb-
ing chronicle of Schuster's conviction,
imprisonment, and subsequent transfer
to Dannemora State Hospital is fully
narrated there, and we mention here
only those events which have since tran-
spired. At the time of oral argument in
the present appeal Schuster's sanity
hearing had not yet been concluded, pri-
marily because the State has contested
the venue chosen by Schuster. Though
we realize that the State may encounter
difficulties if all the inmates of Danne-
mora are permitted to choose venue, and
though we do not impute to the State any
deliberate desire to delay Schuster's
hearing, we wonder why the State could
not have waived this venue issue in view
of the special circumstances here.

The present case concerns Schuster's
attempts to obtain legal research materi-
al to aid him in his efforts to be released
from Dannemora. In September 1968,
Schuster, who then had $75.00 in spenda-
ble assets, requested permission from
Dr. Herold, the then director of Danne-
mora, to use $40.00 of his funds to es-
tablish a credit with West Publishing
Company for the purchase of legal ma-
terials. This request was denied.

Schuster then petitioned the Clinton
County Court for an order directing Dr.
Herold to allow him to make the desired
withdrawal of funds, this time naming
$50 as the amount to be transferred.
This petition was denied, apparently on

the basis of a telephone conversation in which Dr. Herold stated that Dannemora had a substantial law library and that Schuster had ready access to it.

In November 1968, Schuster filed the present application in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1343(3), alleging that there was no substantial law library at Dannemora and that Dr. Herold's refusal to allow him to purchase and retain law books was a deprivation of his constitutionally protected right of access to the courts guaranteed by the due process and equal protection clauses of the Fourteenth Amendment. The application requested the issuance of an order directing Dr. Herold to permit petitioner to use cash from his personal account for the purchase of law books and other legal materials, to provide petitioner with a list of law books in Dannemora's inmate library, and to permit petitioner to borrow and use such books under reasonable conditions and for reasonable periods of time. Dr. Herold, although duly served with a copy of petitioner's application, chose not to respond thereto; instead he wrote a letter to Judge Port reiterating his previous statement to the state courts that Dannemora had an "extensive law library." [1] After this letter was received by Judge Port, he dismissed Schuster's application without granting a hearing upon the petition. This appeal followed.

The deputy director of Dannemora, in a letter to Schuster's appointed counsel on this appeal, revealed that the "extensive law library" of which Dr. Herold had boasted consisted of six works,[2] two of which could not be removed from the Supervisor's office. Some time after Schuster's petition was dismissed Dr. Herold was replaced as Director of Dannemora by Dr. Paul C. Agnew, and Dr. Agnew, apparently realizing the absurdity of the position taken by his predecessor, wrote a letter to Schuster granting him permission to use any of his available funds to purchase legal materials and according him unlimited access to the six works in the Dannemora library.

Thus it appears that Schuster has received the relief which he sought below. Although he argues that there is no guarantee that Dr. Agnew will adhere to the position taken in his letter, Dr. Agnew has shown no indication of bad faith, and we cannot properly impute Dr. Herold's bad faith to Dr. Agnew.

Schuster also argues on appeal that the lack of adequate library facilities at Dannemora deprives him of access to the courts. This claim was not presented in his petition to the court below.[3] We readily acknowledge that indigent prisoners are often at a disadvantage in preparing legal papers and that serious constitutional questions may be raised when state action interferes with the preparation of petitions to the courts. See Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). However, the question which Schuster now for the first time poses upon appeal is of first impression in this circuit, and its resolu-

---

1. The letter reads:
 "[Roy Schuster] has $73.62 in his account which is spendable. We have an extensive law library here and he is at liberty to review and study any book in this legal library.
 "A short while ago, I received a request from him that a certain amount of money be placed with a law book firm so that he could purchase certain law books from this firm. It is a regulation that we do no [sic] allow a patient to keep these law books in his personal property. They can be withdrawn from our library, studied and returned."

2. The six works are: McKinney's Domestic Law Book 14 (2 parts), 1967 Civil Practice Annual, Correction Law, Penal Law (2 parts), Criminal Code (3 parts), Gilbert's Criminal Code and Penal Law —1965.

3. Inasmuch as Schuster had no counsel below, we must construe his application broadly. However, we cannot read Schuster's application, which alleges only active interference with his access to legal materials, to include a claim that the State has an affirmative duty to provide a library of law books to indigent inmates.

tion should await a full hearing in the district courts.

Therefore, as Schuster only claimed in his petition that there was active state interference with his access to legal materials, a claim now fully met by the changed attitude at Dannemora, we must dismiss the present appeal as moot.[4]

---

4. We note also that Schuster is represented by counsel in his proceedings in the state courts and that he alleges no present need for legal materials which cannot be obtained through such counsel.